IN RE: UNITED COLLECTION BU-
REAU, INC., TELEPHONE CON-
SUMER PROTECTION ACT (TCPA)
LITIGATION

### MDL No. 2759

United States Judicial Panel on
Multidistrict Litigation.

February 2, 2017

Before SARAH S. VANCE, Chair,
MARJORIE O. RENDELL, CHARLES
R. BREYER, LEWIS A. KAPLAN,
ELLEN SEGAL HUVELLE, R. DAVID
PROCTOR, CATHERINE D. PERRY,
Judges of the Panel.

## ORDER DENYING TRANSFER

SARAH S. VANCE, Chair

**Before the Panel:** * Common defendant
United Collection Bureau, Inc. (UCB)
moves under 28 U.S.C. § 1407 to central-
ize five actions in the Northern District of
Ohio. The actions, which are listed on the
attached Schedule A, are pending in three
districts. The Panel has been informed of
three additional related federal actions.

Plaintiffs in the Western District of
North Carolina *Abplanalp*, Northern Dis-
trict of Ohio *Compton*, and Middle District
of Pennsylvania *Dickson* and *Ehrhart* ac-
tions oppose centralization. Plaintiff in the
Northern District of Ohio *Meredith* action
neither supports nor opposes centraliza-
tion.

On the basis of the papers filed and the
hearing session held, we deny UCB's mo-
tion. These actions share certain factual
issues arising from allegations that UCB
violated the Telephone Consumer Protec-
tion Act and, in some cases, the Fair Debt
Collection Practices Act and state statuto-
ry law, by using an automatic telephone
dialing system or an artificial or prere-
corded voice to make debt collection calls
to plaintiffs' cell phones without their con-
sent. These factual issues, while common,
appear to be relatively straightforward,
and discovery is unlikely to be unusually
burdensome or time-consuming. In con-

---

* One or more Panel members who could be
members of the putative class in this litigation
have renounced their participation in that
class and have participated in this decision.

trast, the amount of individualized discovery into such matters as the number of calls each plaintiff received, the process and documentation involved in the obtaining (or revocation) of consent, and the timing and circumstances thereof seems likely to be quite significant.

The procedural posture of the actions also counsels against centralization. In the Northern District of Ohio *Compton* action, the discovery cutoff is February 1, 2017, and in the Middle District of Pennsylvania *Dickson* action, the cutoff is February 28, 2017. Centralization at this juncture thus appears unlikely to produce significant efficiencies.[1]

Finally, the limited number of involved counsel suggests that cooperation and informal coordination are practicable.[2] UCB is represented in all actions by Troutman Sanders, LLP; plaintiffs in three actions (Northern District of Ohio *Compton* and Middle District of Pennsylvania *Dickson* and *Ehrhart*) are represented by Kimmel & Silverman, P.C.; and plaintiffs in the three potential tag-along actions are represented by Hyslip & Taylor, LLC LPA.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

### SCHEDULE A

MDL No. 2759 — **IN RE: UNITED COLLECTION BUREAU, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

Western District of North Carolina

ABPLANALP v. UNITED COLLECTION BUREAU, INC., C.A. No. 3:15–00203

Northern District of Ohio

MEREDITH v. UNITED COLLECTION BUREAU, INC., C.A. No. 1:16–01102

COMPTON v. UNITED COLLECTIONS BUREAU, INC., C.A. No. 3:16–01234

Middle District of Pennsylvania

DICKSON v. UNITED COLLECTION BUREAU, INC., C.A. No. 1:16–01387

EHRHART v. UNITED COLLECTION BUREAU, INC., C.A. No. 3:16–01519

---

1. *See, e.g., In re: Credit Prot. Ass'n, L.P., Tel. Consumer Prot. Act. (TCPA) Litig.,* 190 F.Supp.3d 1342, 1343 (J.P.M.L. 2016) (denying centralization, in part because of the procedural disparity of the subject actions); *In re: Lifewatch, Inc., Tel. Consumer Prot. Act.* *(TCPA) Litig.,* 140 F.Supp.3d 1342, 1343 (J.P.M.L. 2015) (same).

2. *See, e.g., In re: Cordarone (Amiodarone Hydrochloride) Mktg., Sales Practices & Prods. Liab. Litig.,* 190 F.Supp.3d 1346, 1347 (J.P.M.L. June 2, 2016).